# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RANDALL DALE WATSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV407-063 |
| | ) | |
| VICTOR L. WALKER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Randall Dale Watson, an inmate at Augusta State Medical Prison, has

petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc.

1. The respondent, warden Victor L. Walker, has filed a motion to dismiss

that petition, contending that Randall failed to file it before the one-year

filing limitation period set forth in 28 U.S.C. § 2244(d)(1) had expired. Doc.

11. For the following reasons, Walker's motion to dismiss should be

**DENIED**.


## I.    BACKGROUND

On August 12, 1998, a Chatham County grand jury issued a seven-

count indictment against Watson, charging him with five counts of theft by

taking, one count of theft by bringing stolen property into the state, and one count of theft by deception. Doc. 13 ex. 7. The indictment also included a count charging Watson for being a recidivist felony offender under O.C.G.A. § 17-10-7. Id. On April 6, 1999, a jury convicted Watson of all counts, and on April 15, the trial court sentenced him to a total of twenty years' imprisonment. Id. At Watson's sentencing hearing, the judge explicitly referenced O.C.G.A. 17-10-7(c) in handing down the sentence, but the written sentencing order neglected to reference the recidivist statute.

The Georgia Court of Appeals affirmed Watson's conviction and sentence on November 1, 2001, Watson v. State, 555 S.E.2d 896 (Ga. Ct. App. 2001), and he did not petition for a writ of habeas corpus in either state or federal court within one-year of that decision. Instead, after serving more than five years of his sentence, Watson sought and was granted parole on November 18, 2004. Doc. 3 at 2. Unfortunately for Watson, his release was short lived.

On February 1, 2005, the same judge who had presided at his trial and sentencing issued a *nunc pro tunc* order correcting a "scrivener's error" in the April 15, 1999 sentencing order that had erroneously failed to record

that Watson was sentenced as a recidivist under O.C.G.A. § 17-10-7(c). Doc. 13 ex. 5. The *nunc pro tunc* order meant that Watson was required by Georgia law to serve all twenty years of his sentence in prison. Soon thereafter, on March 24, 2005, when Watson stopped in for a routine visit with his parole officer, he was greeted by waiting law enforcement officers, who arrested him and returned him to state prison. Doc. 3 at 2.

Watson petitioned for a writ of habeas corpus in the Chatham County Superior Court on May 25, 2005, challenging the validity of the *nunc pro tunc* order. Doc. 13 ex. 3. That court transferred the petition to Richmond County, where the court held an evidentiary hearing on January 6, 2006. Doc. 13 ex. 7. After the state court denied his petition on July 18, 2006, see doc. 13 ex. 6, Watson filed this § 2254 petition on May 22, 2007, alleging ineffective assistance of trial counsel, denial of due process, and errors by the prosecution. Doc. 1.

## II.  ANALYSIS

Respondent Walker has filed a motion to dismiss Watson's § 2254 petition as untimely. Doc. 11. The timeliness of a § 2254 petition is

governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. See 28 U.S.C. § 2244(d). One of the four occurrences listed in § 2244(d)(1) that is sufficient to start the limitations period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). However, the time during which a petitioner sought post-conviction relief from the pertinent judgment in state court does not count toward the one-year limitations period. Id. § 2244(d)(2); Ford v. Moore, 296 F.3d 1035, 1036–37 (11th Cir. 2002).

Here, Watson's § 2254 petition challenges both his original conviction and the state court's *nunc pro tunc* order. Doc. 1. "[T]he statute of limitations for a habeas application challenging a resentencing court's judgment begins to run on the date the resentencing judgment became final." Walker v. Crosby, 341 F.3d 1240, 1246 (11th Cir. 2003); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007) ("AEDPA's statute of limitations begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his application

become final because the judgment is based on the conviction and the sentence.").

An application of <u>Walker</u> and <u>Ferriera</u> to the facts of this case indicates that the one-year limitations period began running on March 3, 2005—the last day Watson could have filed a notice of appeal with the Georgia Court of Appeals regarding the February 1, 2005 *nunc pro tunc* order. <u>See</u> O.C.G.A. § 5-6-38. He filed his state habeas petition on May 25, 2005, eighty-three days after his resentencing judgment became final. His state habeas petition was pending until August 17, 2006, the last date he could have filed a certificate of probable cause to appeal the denial of his state habeas petition. <u>See</u> O.C.G.A. § 9-14-52.[1]

---

[1] Respondent argues that the thirty-day period in which Watson could have filed his application for a certificate of probable cause to appeal the denial of his state habeas petition should be included in the calculation of the one-year limitations period because Watson never applied for such a certificate and therefore had nothing pending in state court. Doc. 12. The Supreme Court has determined that an application is "pending as long as the ordinary state collateral review process is 'in continuance'–i.e., 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures . . . ." <u>Carey v. Saffold</u>, 536 U.S. 214, 219–20 (2002). Relying on the Supreme Court's holding in <u>Carey</u>, the Eleventh Circuit held that a petitioner's state habeas petition remained "pending" until the thirty-day deadline for filing a certificate of probable cause application with the Georgia Supreme Court expired. <u>Wade v. Battle</u>, 379 F.3d 1254, 1262 (11th Cir. 2004) (citing <u>Carey</u>, 536 U.S. at 217). Likewise, Watson's state habeas petition remained pending during that thirty-day period, regardless of whether he actually filed such an application with the Georgia Supreme Court.

With eighty-three days of the one-year limitations having expired

before Watson filed his state habeas petition, Watson had just 282 days to

file a timely § 2254 petition after his state habeas petition was denied and

the time for filing a certificate of probable cause to appeal passed.  That

translates into a May 28, 2007 filing deadline.[2]  It therefore follows that his

§ 2254 petition was timely because he filed it on May 22, 2007.


## III.  CONCLUSION

Based upon the foregoing, respondent's motion to dismiss should be

**DENIED**.

The respondent is **ORDERED**, within thirty days after service of

this Report and Recommendation, to file a response and to show cause

why the relief sought should not be granted.

The answer shall conform to the requirements of Rule 5 of the Rules

Governing § 2254 Cases in the United States District Court.  Respondent

shall furnish with his answer a copy of any trial transcripts, the

transcripts of any state habeas corpus proceedings and orders of the state

---

[2] Since day 282 was a Saturday, Watson had until Monday, May 28, 2007, to file his federal habeas petition.

court denying the writ, and, if Watson appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any.

**SO REPORTED AND RECOMMENDED** this _8th_ day of November, 2007.

_[signature]_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA