# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| RANDALL DALE WATSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV407-063 |
| | ) | |
| VICTOR L. WALKER, *Warden at* | ) | |
| *Augusta State Medical Prison*, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Watson, currently incarcerated at Augusta State Medical Prison, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondent has filed an answer opposing the petition. (Doc. 10.) For the reasons that follow, the petition should be **DENIED**.

## I.  BACKGROUND

On April 6, 1999, a Chatham County jury convicted Watson of five counts of theft by taking, one count of theft by bringing

stolen property into the state, and one count of theft by deception. (Doc. 1); Watson v. Georgia, 555 S.E.2d 896, 896 (Ga. App. 2001). He was sentenced to two ten-year terms of imprisonment to be served consecutively. (Doc. 1, Ex. 2.) The trial court denied Watson's motion for new trial and granted his motion for an out-of-time appeal. Watson, 555 S.E.2d at 896. On direct appeal, the Georgia Court of Appeals affirmed his conviction. Id.

Watson sought and was granted parole on November 18, 2004. (Doc. 3 at 2.) His release was short lived. On February 1, 2005, Watson's trial judge entered a *nunc pro tunc* order correcting a scrivener's error in the sentencing order, which failed to note that Watson was sentenced as a recidivist under O.C.G.A. § 17-10-7(c). (Doc. 13, Ex. 5.) Under the recidivist provision, Watson was required to serve all twenty years of his sentence in prison. Consequently, the next time that he checked in with his parole officer, he was arrested and returned to prison. (Doc. 3 at 2.)

On May 27, 2005, Watson filed a state habeas corpus petition in the Superior Court of Chatham County, which raised three grounds for relief.[1] (Resp't's Ex. 3.) The case was transferred from Chatham County to Richmond County on August 1, 2005. (Id.) After the state habeas court held a hearing on the matter, Watson filed a subsequent brief, which the state contends limited the petition to two contentions: (1) he was not a recidivist under O.C.G.A. § 17-10-7(c); and (2) his sentence could not be increased after its entry.[2] (Resp't's Ex. 4.) The state habeas court entered an order finding those two contentions to be meritless and denying Watson's state habeas petition on July

---

[1] In the original state habeas "application," Watson contended that: (1) the trial judge unlawfully amended the original sentence without a hearing after the conviction and after he had served his term, (2) he was denied a fair trial due to ineffective assistance of counsel, and (3) the State was guilty of laches by waiting over six years to correct a sentence that had already been served. (Resp't's Ex. 3 at 10-12.) In the original state habeas "petition," he also alleged that each of the above-listed grounds denied him due process of law as guaranteed in the United States and Georgia Constitutions. (Id. at 5.)

[2] The Court is not convinced that Watson intended to abandon his previous claims, but this question is irrelevant to the present analysis.

3

18, 2006. (Resp't's Ex. 6.) He did not seek appellate review of the state court habeas decision.³ (Doc. 18 at 4-5.)

Watson filed the present federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on May 22, 2007. (Doc. 1.) Watson contends that:

(1) the trial judge erred in issuing a *nunc pro tunc* order reflecting his recidivist treatment under O.C.G.A. § 17-10-7(c);

(2) he was denied due process under the Federal and Georgia Constitutions when he was returned to prison under the *nunc pro tunc* order;⁴

(3) trial counsel was ineffective for failing to challenge the sentencing judge's treatment of three of his prior convictions, which were "consolidated for trial" as three convictions rather than one thus allowing him to be sentenced as a recidivist;

(4) trial counsel was ineffective for failing to advise him of the potential consequences of not accepting the plea offer;

(5) trial counsel was ineffective for failing to separate the indictment counts for separate trials;

---

³ Watson admits that he did not appeal the state habeas decision. (Doc. 14 at 12.)

⁴ Watson raised the due process claim underlying ground 2 in his first brief in support of his federal habeas petition. (Doc. 2 at 4.) He supported this ground with facts argued in his second brief. (Doc. 3 at 7.)

4

(6) the state is guilty of laches for waiting nearly six years before moving to correct the sentencing order.

(Doc. 3 at 9-13.)[5]

## II. ANALYSIS

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). The Eleventh Circuit has held that a Georgia prisoner who is denied state habeas corpus relief must petition the Georgia Supreme Court for a certificate of probable cause to

---

[5] In addition to the grounds raised above, Watson conclusorily alleges that he was denied due process and effective assistance of counsel on appeal. (Doc. 2 at 4.) He provides no factual support for these allegations. Such conclusory allegations are simply insufficient to state a claim for habeas relief, so they should be **DENIED**. See Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977) (noting that notice pleading is not sufficient for habeas petitions) (citing Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases); Rules Governing § 2254 Cases, Rule 2(c) (requiring petitioner to state "facts supporting each ground" and "relief requested"). In addition, these grounds are unexhausted and procedurally defaulted, as discussed below.

appeal the denial of his habeas petition in order to fully exhaust his state remedies.⁶ Pope v. Rich, 358 F.3d 852, 853-54 (11th Cir. 2004). Although the Georgia Supreme Court has attempted to "opt out" of the O'Sullivan rule with respect to *direct* appeals from criminal convictions, Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006),⁷ Georgia law still requires habeas petitioners to seek review in the Georgia Supreme Court as part of the state's ordinary appellate review procedures. Id. at 1378 (Carnes, J., concurring). Watson admits that he did not seek a certificate of probable cause from the Georgia Supreme Court to appeal the state habeas court's denial of relief (Doc. 14 at 11.) Consequently, all of his claims are unexhausted.

---

⁶ In Georgia's collateral review proceedings, the Georgia Supreme Court is authorized to review all habeas corpus denials. O.C.G.A. § 9-14-52 (b).

⁷ In November 2004 the Georgia Supreme Court amended its rules to provide that a defendant who directly appeals his conviction to the Georgia Court of Appeals is not required to seek certiorari review before the Georgia Supreme Court "'in order to be deemed to have exhausted all available state remedies.'" Id. at 1375 (quoting Ga. Sup. Ct. R. 40 (as amended Nov. 16, 2004)). The Hills court found it unnecessary to decide whether this rules change effectively removed the state's *direct* appeals procedures from O'Sullivan's "sphere of influence," as the state attorney general had waived reliance on a procedural bar defense. Id. at 1376.

Normally, a federal habeas court faced with unexhausted claims will dismiss the petition without prejudice and require the petitioner to exhaust his claims in state court before resubmitting them in a federal habeas petition. See Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004). However, "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Id. (quoting Snowden, 135 F.3d at 736). That is, "when a petitioner has failed to exhaust his claim by failing to present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar" to consideration in a subsequent federal habeas proceeding. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).

The Eleventh Circuit has explicitly noted that Georgia considers it to be "a procedural default for a state habeas corpus

7

petitioner not to file an application for a certificate of probable cause in the Georgia Supreme Court to appeal the denial of relief by the trial-level court."[8] Hills v. Washington, 441 F.3d 1374, 1377(11th Cir. 2006). As the claims are procedurally defaulted, the Court should treat them as no basis for federal habeas relief absent a showing of cause and prejudice, or a fundamental miscarriage of justice based on a showing of actual innocence. Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998); see Johnson v. Singletary, 938 F.2d 1166, 1174–75 (11th Cir. 1991) (discussing federal exception to procedural default rule as established in Wainright v. Sykes, 433 U.S. 72, 90-91 (1977)); Murray v. Carrier, 477 U.S. 478, 485 (1986).

Here, Watson alleges that he relied upon his lawyer to file his habeas appeal but claims that his lawyer retired before filing it and did not notify him of the retirement until the appeals

---

[8] Watson's claims would not be considered by Georgia's Supreme Court, for his application for a certificate of probable cause to appeal the state habeas court's determination would be untimely. Under O.C.G.A. § 9-14-52(b), "[i]f an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief." Watson is admittedly well outside of that time period, which is jurisdictional in nature and is strictly enforced. Fullwood v. Sivley, 517 S.E.2d 544, 515 (Ga. 1999).

deadline had passed. (Doc. 14 at 12.) Although this may be grounds for a claim of legal malpractice, it does not excuse his procedural default. A petitioner bears the risk of his counsel's failure to follow state procedural rules during his state habeas proceedings, as he has no constitutional right to the effective assistance of counsel during state post-conviction proceedings. Coleman, 501 U.S. at 754-55.

## IV. CONCLUSION

For the foregoing reasons, Watson's § 2254 petition, raising unexhausted and procedurally barred claims, should be **DENIED with prejudice**. All pending motions pertaining to this petition should be **DENIED as MOOT**.

**SO REPORTED AND RECOMMENDED** this 20th day of October, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA